IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

**MONTE CRISTIA, PAM CRISTIA, and
ARIEL CRISTIA,**

**Plaintiffs,**

v.                                                    CASE NO. 6:10-cv-01338

**STATE OF WEST VIRGINIA, WEST VIRGINIA
DEPARTMENT OF HEALTH AND HUMAN RESOURCES,
WEST VIRGINIA CHILD PROTECTIVE SERVICES,
WOOD COUNTY DEPARTMENT OF CHILD PROTECTIVE
SERVICES, WOOD COUNTY DEPARTMENT OF
HUMAN RESOURCES, STACY ODELL** *Et Uxor,*
**STACY SMITH, AND JODY BOYLEN,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

The undersigned has reviewed defendant Jody Boylen's Notice of Removal [Docket 1]. After careful consideration, the undersigned proposes that the presiding district judge find that the removal of this civil action was defective pursuant to 28 U.S.C. § 1446, and this case should therefore be remanded to the Circuit Court of Wood County, West Virginia.

*I. APPLICABLE LAW*

An action may be removed from state court to federal district court if the case is one over which the latter would have had original jurisdiction. 28 U.S.C. § 1441. A federal district court has original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. §

1331.  28 U.S.C. § 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.  It states that a "defendant or defendants desiring to remove any civil action . . . from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."  28 U.S.C. § 1446(a).

Recently, the Fourth Circuit has adopted the last-served defendant rule.  In cases involving multiple defendants, each defendant, once served with formal process, has thirty days to file a notice of removal pursuant to 28 U.S.C. § 1446(b) in which an earlier-served defendant may join regardless of whether they have previously filed a notice of removal.  *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010).  Co-defendants are not required to join in or sign the same notice of removal as the removing defendants.  In multiple defendant cases, co-defendants may file independent notices of removal within the thirty-day period of receiving service of the complaint, or join in and consent to another defendant's removal within thirty days.  *Dorsey v. Borg-Warner Automotive, Inc.*, 218 F. Supp.2d 817, 819 (S.D. W. Va. 2002) (citing *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888, 1991 WL 68791, *2 n.2 (4th Cir. May 3, 1991) (unpublished table opinion) (stating that as "the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially

and unambiguously consent to, a removal petition within 30 days of service.")).

## II. DISCUSSION

A review of the docket sheet from the Circuit Court of Wood County and state court records show that the last served defendants in this case were the State of West Virginia defendants, namely, the State of West Virginia, the West Virginia Department of Health and Human Resources and its subsidiary, Child Protective Services. (#7, at 32; #7-1, at 20-21; #8).  Id.  These entities were served on November 9, 2010, via the West Virginia Secretary of State.  In the thirty day period following that date, the State of West Virginia defendants and the other defendants neither filed their own notice of removal nor joined in defendant Boylen's notice of removal.

Accordingly, as Section 1446's rule of unanimity has not been met, the undersigned proposes that the presiding district judge **FIND** that defendant Boylen's removal is fatally flawed, and therefore remand this case to the Circuit Court of Wood County.

## III. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that this civil action be remanded to the Circuit Court of Wood County.  The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District

Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>United States v. Brodnik</u>, 710 F. Supp.2d 526 (S.D. W. Va. 2010).  Copies of such objections shall be served on the United States Attorney, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order to the Plaintiffs and to transmit it to counsel of record.

ENTER: December 15, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge